Dear Mr. Rouse:
This office is in receipt of your request for an opinion of the Attorney General involving involuntary commitment of a person who is mentally ill or suffering from substance abuse under a Physician's Emergency Certificate — P.E.C., or a Coroner's Emergency Certificate — C.E.C. You ask the following:
 What parish is responsible for transporting the patient to a facility for treatment?
 Who is responsible for paying the doctor for the C.E.C.?
 If the patient lives in the city limits of a municipality, does the city pay the bill?
 If a person is taken to the hospital or doctor, by a friend or family member and the doctor signs a P.E.C. who is responsible for paying the doctor?
 Not being a doctor, can you as coroner sign an order of protective custody or does a judge need to sign it?
In response to your first question as to what parish is responsible for transporting a patient to a facility for treatment, we note in Atty. Gen. Op. 00-363 that this office observed as follows:
 The patient's place of residence is of little consequence in determining which law enforcement agency transports a patient under a physician emergency certificate as long as the PEC is properly executed. As stated in Atty. Gen. Op. No. 89-583, "the civil powers of the sheriff may be exercised in only the parish in which he or she was elected," therefore "it (the PEC) is a civil order than only the sheriff * * * has jurisdiction to execute." If the PEC is executed properly by the sheriff of the parish in which the patient is located at the time of the execution, the patient's place of residence is irrelevant.
In your second question you ask who is responsible for paying the doctor for the C.E.C., and we find R.S. 28:141 is pertinent wherein it provides, "If financially able, the patient or his legally responsible relative shall pay all costs of commitment * * *, otherwise the parish of domicile in the case of a resident or the division in the case of a non-resident shall pay these costs."
However, the statute continues by providing, "Fees for services rendered by coroners or other experts in the commitment of patients shall be in accordance with the provisions contained in Article 267 of the Code of Criminal Procedure (Rights of accused; extradition hearing) and special laws relating to the fees of coroners and assisting physicians in interdiction proceedings."
In Atty. Gen. Op. 99-381 this office recognized under R.S.33:1556 that the coroner shall receive a reasonable fee for any physical or mental examination or investigation when requested by the district attorney, any judge, sheriff, chief of police, or by any responsible citizen or resident, but it must be read with R.S. 28:53 in the Mental Health provisions requiring a second examination at the facility unless the examiners are one and the same person. The first examiner and the reexaminer shall be entitled to the fee unless one and the same.
The opinion then provides that when the person is confined in a facility other than a state institution, the examining coroner where the patient is confined shall be entitled to the usual fee paid for this service to the coroner of the parish in which the patient is domiciled or residing, and when confined in a state institution in a parish other than his domicile, the examining coroner shall be entitled to the fee authorized in his parish for the service.
As to who is responsible for the fee, it was concluded therein that in either case, the fee shall be paid by the governing authority of the parish in which the patient is domiciled or residing, from parish funds designated for the purpose of payment of the coroner.
This is consistent with the conclusion by this office in Atty. Gen. Op. 96-383 that when a person is admitted to a treatment facility for mental illness or substance abuse under emergency certificates, the coroner that issued either the first or second emergency certificate is entitled to a fee for issuance of the certificate by the parish of the patient's domicile.
In your next question, you ask if the patient lives in the city limits of a municipality, does the city pay the bill, and this office responded to this question in Atty. Gen. Op. 99-381 with reliance upon earlier opinions. Therein it was concluded as follows:
 Therefore, based upon earlier opinions of this office and a reading of the statutes together, it appears under R.S. 33:1556(A)(3) that the geographical location determines responsibility for payment for a coroner's emergency certificate by dividing the responsibility by geographical location of the individual's residential location between those in an incorporated area and those outside of an incorporated area in the parish, and the mental health law refers to the usual payment authorized in the parish. However, the payment in the Parish may be the responsibility of a municipality.
Insofar as who is responsible for paying a doctor when a person is taken to a hospital or doctor by a friend or family and the doctor signs a P.E.C., we would follow the reasoning in response to your second question as to who is responsible for paying the doctor for the C.E.C., and therein we concluded in accordance with R.S. 28:141 "if financially able, the patient or his legally responsible relative shall pay all costs of commitment * * * otherwise the parish of domicile in the case of a resident or the division in the case of a non-resident shall pay these costs."
You point out that you are not a doctor and ask if you can sign an order of custody or does a judge need to sign it.
R.S. 28:53 sets forth the duties of the coroner and provides in paragraph (B)(1) that any physician or psychologist may execute an emergency certificate "only after an actual examination of a person".
It further provides when a party is financially unable to afford a private physician or cannot immediately obtain an examination by a physician, it is the obligation of the parish coroner to render "or cause to be rendered" an actual examination of the person alleged to be mentally ill or suffering from substance abuse.
However, significant to a response to your question is that the statute provides, "If the coroner is not a physician he shall deputize a physician to perform his duty." This was recognized as the proper procedure by this office in Atty. Gen. Op. 81-1216 wherein this office stated, "The clear intent is that a emergency certificate be executed by a physician."
Accordingly, we do not find that you can sign an order of custody but must deputize a physician to make this determination.
We hope this sufficiently, answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: BARBARA B. RUTLEDGE Assistant Attorney General